UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| FIELDTURF INC. and<br>FIELDTURF INTERNATIONAL, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | MOTION AND MEMORANDUM<br>IN SUPPORT OF MOTION TO<br>COMPEL RESPONSES TO<br>DOCUMENT REQUESTS AND |
| v. | )<br>) | INTERROGATORIES AND<br>DEPOSITION (with combined |
| TURF USA, LLC. | )<br>) | Certification of Compliance under<br>Local Rule 37.1) |
| Defendant. | )<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:02CV-502-S<br><br>JUDGE SIMPSON, III<br>MAGISTRATE JUDGE MOYER |

### MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS AND INTERROGATORIES AND DEPOSITION

FieldTurf Inc. and FieldTurf International, Inc. ("FieldTurf") respectfully move this Court for an order compelling Defendant to formally respond to FieldTurf's First and Second Requests for Documents and its First Set of Interrogatories by no later than January 28, 2005. FieldTurf also asks this Court to compel Defendant to provide dates of availability for the Deposition of Mr. Steven Kent Rockwell by January 25, 2005. FieldTurf further moves this court for a ruling of sanctions against Defendant in an amount which will compensate Plaintiffs for its time, effort and expenses associated with the pursuit of its motion, as well as in an amount which will deter Defendant from further similar conduct.

Pursuant to Local Rule 37.1, Plaintiffs have attached a certificate of compliance with Local Rule 37.1 (combined with its supporting memorandum) outlining in detail Plaintiffs attempts to resolve the dispute without court intervention.

**Finally, inasmuch as a status hearing is presently set before Judge Moyer on Tuesday, January 25, 2005 at 10:30 a.m., it is respectfully requested that this motion be presented for hearing at that time.**

### COMBINED CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1 AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS AND INTERROGATORIES AND DEPOSITION

FieldTurf, through its undersigned counsel herein certifies, pursuant to Local Rule 37.1, that it has conferred with counsel for Defendant and has been unable to resolve the differences between them. The following information details the undersigned's attempts to resolve such disputes.

### INTRODUCTION

FieldTurf served the following discovery on Defendant -- none of which have been formally responded to:

- FieldTurf's First Set of Interrogatories, served August 19, 2004;
- FieldTurf's First Set of Requests for Documents, served August 19, 2004; and
- FieldTurf's Second Set of Requests for Documents, served October 21, 2004.

To date, and after repeated requests to Defendant's attorney, Mr. Michael Plummer, none of such discovery has been formally responded to. In addition, on August 13, 2004, FieldTurf served a Notice of Deposition on Mr. Steven Kent Rockwell.

Additionally, the Notice scheduled the deposition for September 1, 2004, several attempts were made by Plaintiffs to obtain an acceptable date and time for the deposition to commence. To date, and after repeated attempts, a date for the deposition of Mr. Rockwell has yet to be identified.

As will be clear from the following, Counsel for Plaintiffs have more than satisfied its obligations toward resolving its discovery dispute pursuant to Local Rule 37.1

## THE FACTS

I.    Mr. Rockwell's Deposition

On August 13, 2004, FieldTurf served a Notice of Deposition on Mr. Steven Kent Rockwell. (This is not in dispute). A deposition date of September 1, 2004 was identified on the Notice. In an attempt to obtain a convenient date for the deposition, counsel for FieldTurf telephonically contacted the attorney for Defendant several times. Each time, Defendant's counsel stated that he would try to reach Mr. Rockwell and would get back to FieldTurf's counsel within a few days. Each time, FieldTurf's counsel had to initiate follow up calls. Finally, on September 7, 2004, the attorney for Defendant stated that Mr. Rockwell would tentatively be available on one of September 21-23. Accordingly, counsel for FieldTurf sent a letter (attached as Exhibit A) confirming same and asking that the exact date be identified later that day. Unfortunately, Mr. Plummer did not respond.

After September 7, 2004, counsel initiated several more telephone calls to Mr. Plummer in an attempt to arrange for a deposition date for Mr. Rockwell. Each time Mr. Plummer stated he would get back to FieldTurf's counsel on same. Unfortunately, each time counsel for FieldTurf had to make the follow up calls—all to no avail.

Thereafter, and after several unsuccessful attempts to reach Mr. Plummer (messages were left – no return though), a letter was sent to Mr. Plummer on September 13, 2004 again asking for dates for Mr. Rockwell's availability.  This letter (attached as Exhibit B) not only referenced FieldTurf's attempts, but also stated that if dates of availability were not obtained by September 16, 2004, then the court's assistance would become necessary.

The very next day, September 14, 2004, a somewhat responsive letter was received from Mr. Plummer (See, Exhibit C).  In that letter, Mr. Plummer stated that he would propose several dates of availability for Mr. Rockwell by no later than September 16, 2004.  Of course, consistent with the pattern, no dates were ever provided.

To date, FieldTurf still does not have a date for Mr. Rockwell's deposition.

**II.**     FieldTurf's First Set of Interrogatories and its First Set of Requests for Documents

On August 19, 2004, FieldTurf served its First Set of Interrogatories and its First Set of Requests for Documents on Defendant. (This is not in dispute).   Pursuant to the Federal Rules of Civil Procedure, formal responses were due September 21, 2004. Responses were not received. Telephone inquiries were made to Mr. Plummer.  Due to various reasons, Mr. Plummer needed more time to respond to the discovery.  Due to the circumstances as explained by Mr. Plummer, additional time was given. Interestingly, it was counsel for FieldTurf making the inquiry on the late discovery, not Mr. Plummer calling for an extension.

On October 21, 2004, counsel for FieldTurf sent Mr. Plummer a letter (attached as Exhibit D) explaining that discovery had yet to be received.  The letter made it clear that the responses to the outstanding discovery needed to be received no later than November 5, 2004. To no surprise, November 5th passed without receipt of the discovery responses or any request for an extension of time.  Thereafter, several calls were made to Mr. Plummer inquiring when the

4

discovery would be coming. Each time Mr. Plummer had an excuse, graciously apologized and said it would be coming. It never did. As will be seen from the following, several additional calls were made and correspondence sent in attempt to obtain the formal discovery responses. No luck to date.

**III.**     The Court's Telephonic Conference and FieldTurf's Second Request For Documents

On October 5, 2004, this Court held a telephonic Conference which included counsel for FieldTurf and Mr. Plummer as participants. As a result of that conference, the Judge ordered a date upon which Plaintiffs would have to amend its complaint to add parties. A sixty day period was set so as to allow for the necessary discovery to be completed for that purpose. During that conference, counsel for FieldTurf stated the need to speed up the discovery process in an attempt to comply with the Judges order. Mr. Plummer stated that he too would react quickly. Based upon the conference, FieldTurf sent out it's Second Request For Documents on October 21, 2004 (this is not in dispute). These requests, which had a due date of November 23, 2004, more narrowly focused on the issues associated with adding parties to the complaint.

On November 17, 2004, counsel for FieldTurf telephoned Mr. Plummer relative to Defendant's outstanding discovery responses, as well as to remind Mr. Plummer that responses to FieldTurf's Second Document Requests were coming due in a few days. During the conversation, Mr. Plummer again graciously apologized, explained his circumstances and stated he needed more time. FieldTurf's counsel agreed to extend the time for response to "all" outstanding discovery, including Plaintiff's Second Request for Documents, up to December 1, 2004. Again, this request was only made after counsel for FieldTurf contacted Mr. Plummer. Not the other way around.

During the conversation, FieldTurf's counsel made it clear that the conversation would serve as compliance with Local Rule 37.1. Mr. Plummer agreed. A letter (attached as Exhibit E) confirming all of the above was sent to Mr. Plummer on November 17, 2004.

## IV.    The Follow Up

After numerous delays, numerous excuses, numerous phone calls (initiated by FieldTurf's counsel), and numerous extensions, Defendant's still have failed to serve any discovery responses by the then agreed upon December 1, 2004 date. Interestingly, a status hearing was held before this Court on December 1, 2004 wherein the delays and excuses continued. During the status hearing, the Judge made it clear that Defendant's must comply with FieldTurf's discovery requests by December 17, 2004.

On December 2, 2004 (the day after the status hearing), a letter was sent to Mr. Plummer (attached as Exhibit F). This letter confirmed the new discovery date as set by this Court and went on to explain that no more delays would be tolerated. The letter made it clear that if all discovery was not received (not just documents) by the December 17, 2004 date, FieldTurf would file a motion to compel and seek sanctions for the ridiculous amount of time and effort it has excerted in it ad *nausaum* attempts to obtain its discovery responses. Surprisingly, that letter must have fallen on deaf ears, since, on December 17th, only partial compliance was made.

Specifically, on December 17, 2004 1 box of documents was received. Six more boxes were received the following business day. The formal responses to FieldTurf's first and Second Document Requests as well as responses to its First Request For Interrogatories never showed up.

Shortly after receipt of the documents, yet another telephone call was made to Mr. Plummer inquiring as to where the grossly delinquent discovery responses were. Mr. Plummer

6

stated that he thought that they were included within one of the boxes of documents he provided. When he was informed they were not, Mr. Plummer apologized and stated that he would get them out right away.

Based upon Mr. Plummers representations that he thought the discovery responses were in one of the boxes, it was assumed that they were already prepared and that they would be delivered to FieldTurf's counsel right away. Unfortunately, and consistently, the responses have never been provided.  Accordingly, a letter dated January 10, 2005 (attached as Exhibit G) was sent to Mr. Plummer expressing displeasure and gratuitously giving him until January 13, 2004 to provide the formal discovery responses.  To no surprise, the responses have still not been provided.

## CONCLUSION

Based upon the above, it is clear that Defendant's lack of cooperation is completely unwarranted and totally inexcusable.  Plaintiffs have bent over backwards in trying to understand and accommodate all of the circumstances represented by Mr. Plummer.  Unfortunately, enough is enough – especially when each and every time an extension was given, it was only given after a due date was missed and only after <u>Plaintiffs</u> contacted Defendant about the delinquency, <u>not the other way around</u>.

FieldTurf has been more than reasonable with Defendant.  While cooperation is indeed preferred, it is an unfortunate case when one party takes advantage of the other.  Indeed, such unilateral lack of cooperation has now resulted in a considerable amount of time, effort and money wasted in pursuit of what should have been routine.

Based upon the above, FieldTurf respectfully requests that this Court compel Defendant to serve formal discovery responses to all of the outstanding discovery by no later than January 28, 2005 and to provide dates of availability for the deposition of Mr. Steven Kent Rockwell by that same date. FieldTurf further asks this Court to sanction Defendant and/or Mr. Plummer in an amount which adequately compensates Plaintiffs for all of their time, effort and money in pursuing this matter as well as which will serve as a deterrent from further delaying and non-responsive tactics.

Dated:  January 21, 2005                         FIELDTURF INC. and
                                                 FIELDTURF INTERNATIONAL, INC.


                                        By: /s/ Jody L. Factor
                                            Jody L. Factor, Esq.
                                            William J. Lenz, Esq.
                                            FACTOR & LAKE, LTD.
                                            1327 W. Washington Blvd., Suite 5G/H
                                            Chicago, IL 606007
                                            Telephone:  (312) 226-1818
                                            Facsimile:   (312) 226-1919
                                            Email:  jfactor@factor-lake.com
                                            Email:  wlenz@factor-lake.com
                                            *Attorneys for Plaintiffs*

                                            William W. Allen, Esq.
                                            GESS MATTINGLY & ATCHISON, P.S.C.
                                            201 West Short Street
                                            Lexington, KY 40507-1269
                                            Telephone: (859) 252-9000
                                            Facsimile:  (859) 233-4269
                                            Email: wallen@gmalaw.com
                                            *Local Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of January 2005, I electronically filed the foregoing document, entitled MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS AND INTERROGATORIES AND DEPOSITION (with combined Certification of Compliance under Local Rule 37.1), with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    William W. Allen, Esq. – wallen@gmalaw.com,

    Jody L. Factor, Esq. – jfactor@factor-lake.com,

    William J. Lenz, Esq. – wlenz@factor-lake.com

    Steven L. Snyder, Esq. – ssnyder@wyattfirm.com,

    Robert J. Theuerkauf, Esq. – rtheuerkauf@middreut.com,

I further certify that a copy of the foregoing document and the notice of electronic filing has been served via Facsimile and First Class Mail to the following non-CM/ECF participants:

    Frank F. Chuppe, Esq.
    Wyatt, Tarrant & Combs
    500 W. Jefferson Street
    Suite 2600
    Louisville, KY  40202
    Facsimile: (502) 589-5235

    Michael R. Plummer, Esq.
    Plummer, Harty, Owsiany & Archer, LLP
    600 Grant Street
    57th Floor, US Steel Tower
    Pittsburgh, PA 15912-1912
    Facsimile:  (412) 355-2609

                      /s/ Jody L. Factor
                      Jody L. Factor, Esq.
                      Attorney for Plaintiffs
                      FACTOR & LAKE, LTD.
                      1327 W. Washington Blvd., Suite 5G/H
                      Chicago, IL 606007
                      Telephone:  (312) 226-1818
                      Facsimile:   (312) 226-1919
                      Email:  jfactor@factor-lake.com